

**Donald S. Zakarin**
Attorney at Law

Direct Tel: (212) 326-0108
Direct Fax: (212) 515-6306
dzakarin@pryorcashman.com

March 13, 2017

**VIA ECF**

Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 619
New York, NY 10007

Re: *McCartney v. Sony/ATV Music Publishing LLC et al,* No. 17-cv-00363

Dear Judge Ramos:

  This firm is counsel to Sony/ATV Music Publishing LLC and Sony/ATV Tunes LLC ("SATV"). I write to request a pre-motion conference with respect to SATV's anticipated motion to dismiss the complaint on the grounds that it asserts unripe claims involving unsettled questions of U.K. law and thus should be dismissed pending the outcome of a U.K. case of first impression involving substantially the same issues.

  In this action, Plaintiff seeks a declaration that notices he served on SATV to terminate 1960s copyright grants (the "Grants") to U.K. companies of his co-authorship interests in certain musical compositions are valid. SATV has acknowledged the validity of these notices (*see* Compl. Ex. C-2), the first of which has an effective termination date more than 18 months off, with the rest between late 2019 and 2026. Plaintiff, apparently concerned about a recent decision from a U.K. trial court which is currently being appealed, *Gloucester Place Music Ltd v. Le Bon*, [2016] EWHC 3091 (ch) ("*Gloucester*"), finding that members of the group *Duran Duran*'s service of similar notices breached agreements granting their copyrights, also seeks a declaration that his notices do not constitute a breach of contract. *See* Compl. ¶¶ 47-58. SATV has never stated that it intends to assert such a claim, yet Plaintiff seeks a declaratory judgment (which would have to determine U.K. law) solely because SATV has declined to waive any theoretical rights it may have under U.K. law depending on the ultimate outcome of *Gloucester*.

**I. English Law Applies To Plaintiff's Claims**

  Under conflicts-of-law rules for contract claims, the law of the jurisdiction having the greatest interest in the case controls, as determined by the place of negotiation and entry of the contract, the place for performance, the location of the subject matter of the contract and the domicile of the parties. *See Saab v. Citibank, N.A.*, 2001 U.S. Dist. LEXIS 18115, *20-21 (S.D.N.Y. Nov. 5, 2001) (citation omitted); *Anglo Am. Ins. Group, P.L.C. v. Calfed Inc., X.C.F.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996). Here, Plaintiff is a U.K. citizen and the Grants were negotiated and entered



Honorable Edgardo Ramos
March 13, 2017
Page 2

into in the U.K. with U.K. companies with respect to songs presumably written in the U.K. in return for payment in the U.K. This Court would therefore presumably look to the *Gloucester* case, which is unsettled as it is currently being appealed.[1]

## II.    Plaintiff's Claims Are Not Ripe

To state a ripe and justiciable claim for declaratory relief, Plaintiff must allege an actual controversy. *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011); *Golden Gulf Corp. v. Jordache Enters.*, 896 F. Supp. 337, 340 (S.D.N.Y. 1995). "An 'actual controversy' exists if there is a substantial controversy, between parties having adverse legal interests, of sufficient <u>immediacy and reality</u> to warrant the issuance of a declaratory judgment. The disagreement must have taken on a <u>fixed and final shape</u> so that a court can see what legal issues it is deciding." *Dish Network, L.L.C. v. ABC*, 2012 U.S. Dist. LEXIS 94757, *10 (S.D.N.Y. July 9, 2012) (emphasis added; internal citations and quotations omitted). Significantly, a court may dismiss a declaratory judgment claim on the grounds of prudential ripeness, where a case "will be *better* decided later and that the parties will not have constitutional rights undermined by the delay." *Simmonds v. INS*, 326 F.3d 351, 357 (2d Cir. 2003) (emphasis in original). For prudential ripeness, courts ask (1) whether an issue is fit for judicial decision and (2) whether the parties will endure hardship by delay. *Id.* at 359.

As an initial matter, SATV has made no statement challenging the validity of Plaintiff's termination notices; indeed, it has acknowledged they are valid, so there is no controversy regarding this issue. *See Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 404-407 (S.D.N.Y. 2012). Nor has SATV claimed that Plaintiff's service of the notices breached any agreement and SATV may never make such a claim.[2] The complaint thus impermissibly seeks an advisory opinion on a hypothetical claim that depends on both the outcome of *Gloucester* and contingent future actions that may never occur. *Celltrion Healthcare Co., Ltd. v. Kennedy Trust for Rheumatology Research*, 2014 U.S. Dist. LEXIS 166491, *9 (S.D.N.Y. Dec. 1, 2014); *Avon Prods. v.*

---

[1] Indeed, the appellants in *Gloucester* have recently requested permission to appeal the effect of the Copyright Act on their grants on two grounds, arguing that "[a] further compelling reason for giving the Appellants permission to appeal [the effect of 17 U.S.C. § 203 on whether, and the extent to which, U.S. copyright was capable of grant under the agreements concerned] is the importance that is being attached to the case in the music industry more generally. In this regard the Defendants refer to … the [attached] Complaint in *McCartney v Sony/ATV*…." Moreover, this permission to appeal application was made in the context of the appellants already having been granted permission to appeal on eight other grounds, in respect of which the appeal process is already under way.

[2] In furtherance of his efforts to establish an actual controversy where none exists, Plaintiff alleges that "a judicial declaration is necessary and appropriate at this time so that [Plaintiff] can rely on quiet, unclouded title to his rights." (Compl. ¶ 58.) However, until the notices' effective dates of termination – the nearest of which is not until October 5, 2018 and the majority years later – Plaintiff is prohibited by 17 U.S.C. § 304(c)(6)(D) from granting any interest in the works to any party other than Sony/ATV. The parties' legal interests therefore are not "genuinely adverse" and Plaintiff's alleged injury is not "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Nike*, 663 F.3d at 97; *Velvet Underground*, 890 F. Supp. 2d at 409.



Honorable Edgardo Ramos
March 13, 2017
Page 3

*Moroccanoil, Inc.*, 2013 U.S. Dist. LEXIS 30227, *10-11 (S.D.N.Y. Mar. 4, 2013) (dismissing declaratory judgment action absent threat of litigation); *Bruce Winston Gem Corp. v. Harry Winston, Inc.*, 2010 U.S. Dist. LEXIS 96974, *14 (S.D.N.Y. Sept. 15, 2010) ("hypothetical situations [] are inappropriate for determination in a declaratory judgment action."). Assuming that a U.S. forum would ever be appropriate for the determination of U.K. law, a dismissal without prejudice now would spare this Court the need to issue a decision that may be unnecessary pending the outcome of *Gloucester* while assuring that, if and when a claim is ever ripe, U.K. law will have been settled. Nor will Plaintiff be harmed by a modest delay because his only present right in the works is to assign the extended renewal term to SATV.

### III. The Court Should Exercise Its Discretion To Dismiss The Complaint

The Declaratory Judgment Act vests a district court with discretion to decline a proposed declaratory action. *See* 28 U.S.C. § 2201(a) ("any court of the United States . . . *may* declare the rights and other legal relations of any interested party…." ) (emphasis supplied). In determining whether to exercise this discretion, Second Circuit courts have asked (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues; (2) whether a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for "procedural fencing" or a "race to res judicata"; (4) whether a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (5) whether there is a better remedy. *Dow Jones & Co. v. Harrods Ltd.*, 237 F. Supp. 2d 394, 432-447 (S.D.N.Y. 2002), *aff'd,* 346 F.3d 357 (2d Cir. 2003).

With regard to the first and second factors, a declaratory judgment on Plaintiff's breach of contract claim before a final decision in *Gloucester* would do little to settle or clarify issues of first impression under U.K. law still working their way through the U.K. courts. With regard to the third factor, Plaintiff's complaint is clearly forum shopping; were U.K. law firmly established, a decision by this Court - from which Plaintiff seeks a prediction as to what the U.K. courts will decide - would be unnecessary. With regard to the comity factor, the U.K. has a strong interest in having these issues decided in a U.K. Court, a forum better equipped to create U.K. law consistent with U.K. public policy.[3] This Court should apply its discretion, dismiss this case, and allow the U.K. court to determine relevant issues of U.K. contract law.

---

[3] In analogous situations, federal courts have declined to entertain declaratory judgment actions involving unsettled state law. *See e.g.*, *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000) (vacating declaratory judgment based on unsettled issue of state law and dismissing complaint); *Nationwide Mut. Fire Ins. Co. v. Cassel*, 881 F. Supp. 133, 136 (M.D. Pa. 1994) ("an unsettled issue of state law has always been a decisive factor in declining to exercise jurisdiction in a declaratory judgment action" and collecting cases); *see also Walter v. Giuliani*, 1998 U.S. App. LEXIS 24691, *4 (2d Cir. Oct. 5, 1998) ("[t]he issuance of preliminary relief by a federal court while the very existence of the claimed property right is in doubt would be an abuse of discretion.").



Honorable Edgardo Ramos
March 13, 2017
Page 4

                                              Respectfully submitted,

                                              */s/ Donald S. Zakarin*

                                              Donald S. Zakarin

cc:    All Counsel (via ECF)