**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

March 29, 2017

Writer's Direct Contact
+1 (415) 268.7455
MJacobs@mofo.com

Hon. Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *McCartney v. Sony/ATV Music Publishing LLC, et al.*, No. 17-cv-363 (ER)

Dear Judge Ramos:

On behalf of Plaintiff Paul McCartney, we submit this letter in response to Sony/ATV's[1] March 13, 2017 letter requesting a pre-motion conference regarding a proposed motion to dismiss.

By seeking to dismiss this lawsuit, Sony/ATV intends to leave McCartney in suspense. Is he exposed to claims for damages if he relies on his undisputed rights under U.S. copyright law or not? Will it sue him for breach of contract or not? Can he license his copyrights as his termination notices become effective, or does that present legal risks? Will third parties be willing to negotiate with McCartney, and at what reduction in price, concerned that they may ultimately face a Sony/ATV lawsuit for interference with contractual relations?

These legal uncertainties can be resolved in only two ways. First, Sony/ATV could, through an unconditional covenant not to sue, eliminate the threat of legal action it earlier raised and has not foresworn. Second, this Court can exercise its jurisdiction under the Declaratory Judgment Act to resolve the legal dispute Sony/ATV created. Sony/ATV does not want the Court to hear this case, but its arguments do not withstand analysis.

***U.S. Law Governs.*** The U.S. Copyright Act provides both the substantive law and the choice of law rules that govern this dispute. The statute plainly states that a transfer of copyright interests that occurred before January 1, 1978 "is subject to termination" by its author. 17 U.S.C. § 304(c). Sony/ATV does not dispute that this provision applies. Most significantly, "[t]ermination of the grant may be effected notwithstanding any agreement to the contrary." 17 U.S.C. § 304(c)(5). Congress made the U.S. termination right a non-

---

[1] This letter collectively refers to Defendants Sony/ATV Music Publishing LLC and Sony/ATV Tunes LLC as "Sony/ATV."

sf-3744583

MORRISON | FOERSTER

Hon. Edgardo Ramos
March 29, 2017
Page Two

waivable, intrinsic limitation on the assignability of the copyright term when it extended that term in 1976.  Contract provisions purporting to derogate from an author's statutory termination rights have no effect.  *See, e.g., Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 290 (2d Cir. 2002) (holding that a settlement "agreement made after a work's creation stipulating that the work was created as a work for hire constitutes an 'agreement to the contrary' which can be disavowed pursuant to the statute"); *see also Mills Music, Inc. v. Snyder*, 469 U.S. 153, 172-73 (1985) ("the termination right was expressly intended to relieve authors of the consequences of ill-advised and unremunerative grants that had been made before the author had a fair opportunity to appreciate the true value of his work product").

The Copyright Act provides its own direction to the Court on what law applies to McCartney's terminations.  Section 304(c) says everything that needs to be said: McCartney's terminations are effective notwithstanding *any* agreement to the contrary, regardless of foreign contract law.  Because McCartney's termination notices apply only to his rights arising under U.S. copyright law, the Court need not undertake a traditional conflicts of laws analysis.

**Ripeness.**  McCartney's claims are ripe for adjudication.  In deciding whether a declaratory judgment action should proceed, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  Courts "do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat."  *Id.* at 128-29.  Rather, a declaratory judgment action is appropriate in cases such as this one in which a party refuses to grant assurances that it will not sue.  *Cf. Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 404 (S.D.N.Y. 2012) (dismissing declaratory judgment complaint where Warhol Foundation "unconditionally and irrevocably covenant[ed]" not to sue).

Here, Sony/ATV's subsidiary sued Duran Duran members for breach of contract when they exercised their U.S. termination rights under Section 203 of the Copyright Act, the counterpart to Section 304(c) that addresses transfers made on or after January 1, 1978.  Sony/ATV representatives brought up the Duran Duran case in conversations with McCartney's representatives, and Sony/ATV has twice declined to disavow any claim that McCartney similarly breached his publishing contracts.  The parties have a concrete dispute, namely, whether 17 U.S.C. § 304(c)(5) trumps any agreements arguably contrary to an author's termination rights regardless of foreign law.  McCartney shouldn't have to "expose himself to liability" in order to resolve the legal uncertainty Sony/ATV has created.  And this dispute can readily be disposed of on summary judgment because only questions of law are presented.

sf-3744583

MORRISON | FOERSTER

Hon. Edgardo Ramos
March 29, 2017
Page Three

Sony/ATV has no reasonable argument for delay. Because the first of McCartney's termination notices will take effect in 2018, this matter requires prompt resolution. Sony/ATV is using the threat of litigation to limit McCartney's negotiation options. The Court should put an end to these tactics.

**Abstention.** Sony/ATV has given no good reason to overcome this Court's "virtually unflagging obligation . . . to exercise the jurisdiction given" to resolve this dispute. *Royal & Sun All. Ins. Co. of Can. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92 (2d Cir. 2006) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). This is a case involving U.S. copyrights, arising under the U.S. Copyright Act, against U.S. companies headquartered in New York.

Contrary to Sony/ATV's argument, the Court should not dismiss this case pending a final decision in Duran Duran's appeal. In determining whether to dismiss an action pending foreign proceedings, the threshold question is whether there is a "parallel action in an adequate foreign jurisdiction." *Royal & Sun*, 466 F.3d at 95. While a court has "somewhat greater discretion to abstain" in declaratory judgment actions than in other actions, abstention is improper unless "substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998).[2] The *Duran Duran* case will not clarify anything. McCartney is not a party to that action. The English High Court there concluded that evidence regarding U.S. copyright law was not properly adduced and thus inadmissible, so it was "not open" to Duran Duran's counsel to rely on attorney representations regarding the effect of 17 U.S.C. § 203. The issue here is McCartney's rights under the U.S. Copyright Act. No court is more competent than this Court to rule on that question.

Delay would not simplify the parties' dispute, but it would prejudice McCartney. As long as Sony/ATV refuses to disavow any right to sue for breach of contract, McCartney has a cloud over the title to his works, which devalues his rights. This Court should reject Sony/ATV's request for delay and instead proceed to resolve this case on its merits.

Respectfully submitted,

*/s/ Michael A. Jacobs*

Michael A. Jacobs

---

[2] *Dow Jones & Co. v. Harrods Ltd.*, 237 F. Supp. 2d 394, 402 (S.D.N.Y. 2002), *aff'd*, 346 F.3d 357 (2d Cir. 2003), cited in Sony/ATV's letter, is readily distinguishable. That case involved an anticipatory effort to declare the outcome of parallel proceedings between the same parties in England arising under U.K. libel law and brought by a U.K. business unenforceable in the United States. McCartney seeks a declaration under U.S. copyright law that Sony/ATV, a U.S. company, has no claim for breach arising from McCartney's terminations of his U.S. copyright transfers.

sf-3744583